RALPH TRAUB, Respondent, v. HARRY WEINSTEIN, Appellant, Impleaded with AARON RABINOWITZ and Others, as Trustees under a Declaration of Trust Dated the 13th Day of May, 1935, and a Plan of Reorganization for Series F-1 Mortgage Investments Approved by an Order of the Supreme Court of the State of New York, Made on April 8th, 1935, Respondents.

First Department, April 19, 1940.

*Milton G. Winston*, for the appellant.

*Isidor Tankus* of counsel [*I. Maurice Wormser* with him on the brief; *Morris Rosenberg*, attorney], for the plaintiff-respondent.

*Edward S. Menapace* of counsel [*Wagner, Quillinan & Rifkind*, attorneys], for the defendants-respondents.

UNTERMYER, J.   The complaint alleges that the plaintiff and the defendant Weinstein were employed by the defendant trustees to effect the sale of certain real property for a commission of $4,650. It is further alleged that these two brokers agreed that this commission should be divided $1,150 to the defendant Weinstein and $3,500 to the plaintiff.

A sale of the real property having been concluded through the instrumentality of the brokers, the trustees tendered the full amount of the commission by a check payable to the plaintiff and the defendant Weinstein.   Weinstein, claiming to be entitled to the entire commission, refused to indorse the check so that the proceeds could be divided between the brokers in accordance with their contract as alleged in the complaint.   The refusal was followed by this suit. The trustees are joined as defendants only because they are in possession of the sum of $4,650, which, however, they are willing to pay.   Judgment is demanded by the plaintiff for $3,500.

By his answer the defendant Weinstein denies the right of the plaintiff to recover any part of the commission of $4,650 and asserts by cross-answer against the trustees that he is entitled to that sum to the exclusion of the plaintiff.

The trustees thereupon moved for permission to deposit the sum of $4,650 in court pursuant to section 133 of the Civil Practice Act and for judgment dismissing, as to them, both the complaint and the cross-answer of Weinstein.   Although an appeal has been taken from the order of the Special Term which granted the motion of the trustees, no reason is suggested for its reversal and accordingly it should be affirmed.

A different problem confronts us on the appeal from the order which denied the motion of the defendant Weinstein for partial judgment on the pleadings for $1,150, to be paid out of the fund to be deposited in court.   The trustees by depositing that fund in court concede their liability for $4,650 and relinquish any interest

therein. The plaintiff only claims to be entitled to $3,500 of that sum and thereby necessarily concedes that Weinstein is entitled to the balance of $1,150. Thus by the concession of all the parties concerned Weinstein must recover at least $1,150 regardless of who may eventually succeed in the litigation. We find no justification for withholding that sum from him, especially when it is considered that it will be paid, not by the plaintiff, but out of the surplus of the fund deposited by the trustee which will remain after withholding sufficient to satisfy the plaintiff's claim in full.

The order which denies the motion of the defendant Weinstein for partial summary judgment for $1,150 should be reversed, with twenty dollars costs and disbursements to the appellant against the plaintiff-respondent, and the motion granted to · the extent of directing payment of said sum of $1,150 out of the fund deposited. The order which allows the trustees to deposit the sum of $4,650 in the Bronx County Trust Company should be affirmed, without costs.

GLENNON, COHN and CALLAHAN, JJ., concur.

Order denying motion of the defendant Harry Weinstein for partial summary judgment for $1,150 unanimously reversed, with twenty dollars costs and disbursements to the appellant against plaintiff-respondent, and the motion granted to the extent of directing payment of said sum of $1,150 out of the fund deposited. Order allowing the trustees to deposit the sum of $4,650 in the Bronx County Trust Company unanimously affirmed, without costs. Settle orders on notice.